IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHANE CRUM,                             )    CASE NO. 5:07CV0949
                                        )
                Petitioner,             )
                                        )    JUDGE NUGENT
        v.                              )
                                        )    MAGISTRATE JUDGE VECCHIARELLI
DAVID BOBBY, Warden,                    )
                                        )    **REPORT AND RECOMMENDATION**
                Respondent.             )

        This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).  Before

the court is the petition of Shane Crum ("Crum") for a writ of habeas corpus filed pursuant

to 28 U.S.C. § 2254 on March 30, 2007.  Crum is in the custody of the Ohio Department

of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State

of Ohio vs. Crum*, Case No. 1996CR1057 (Stark County 1997).  For the reasons set forth

below the petition should be denied.

I

        The October 1996 term of the Stark County grand jury indicted Crum on one count

of rape with a force specification, one count of felonious sexual penetration with a force

specification, and gross sexual imposition.  Crum pleaded not guilty to all counts.  The state

appellate court reviewing Crum's conviction found the following relevant facts:

        Kayla Crum was born to Christine (McNutt) Confalone and Appellant in 1991.
        Christine noticed her daughter engaging in sexually inappropriate behavior in 1993
        while living with appellant in Florida.  When appellant and Christine moved to Ohio
        in 1994, Linda McNutt, Kayla's grandmother, also noticed Kayla engaging in sexual

behavior.  During this time period, Christine and appellant separated, but appellant visited his daughter several times a week.  Kayla cried when she had to visit her father.

Christine and Kayla moved in with Christine's boyfriend, John Confalone in 1995. Kayla attempted to kiss John Confalone with her head tilted and mouth open.  When asked where she had learned this behavior, Kayla indicated her father had done it to her.  Christine and Confalone questioned Kayla about her father's behavior, and Kayla indicated appellant had "peed" in her mouth on several occasions.  Kayla also told them appellant had put his penis in her vagina and anus.

Christine and John Confalone notified the Stark County Department of Human Services.  Kayla was examined by nurse Donna Abbott at Akron Children's Hospital. Kayla was also interviewed by the Canton Police Department and psychologist David Coleman.  Kayla met with Coleman five times over a period of several months.  Kayla told all of the persons who interviewed her appellant had inserted his penis into her mouth, vagina, and anus.

On October 28, 1996, the Stark County Grand Jury indicted appellant on one count of rape, one count of felonious sexual penetration, and one count of gross sexual imposition.  The indictment alleged a continuing course of conduct from on or about September 1, 1994 to on or about January 31, 1996 for each count.

Appellant pled not guilty to each charge in the Stark County Court of Common Pleas on November 8, 1996.

On February 20, 1997, the State filed a notice of intent to use child statements pursuant to Evid. R. 807.  On March, 11, 1997, appellant filed a motion for competency and availability of the child witness.  The court conducted an Evid. R. 601(A) competency hearing on March 19, 1997.  At the conclusion of the hearing the court found Kayla competent to testify.  Having found the child to be available and competent, the trial court did not conduct an Evid. R. 807 hearing.  Appellant was not permitted to attend the hearing.

On March 24, 1997, the State amended the indictment relative to count one.  A jury trial commenced on March 24, 1997.  Before the inception of the trial, defense counsel moved that Donna Abbott be barred from offering a "diagnosis or impression" on the grounds that she was not qualified to offer such opinions.  The court deferred ruling on the motion.  During Abbott's testimony, defense counsel renewed this objection.  The trial court overruled defense counsel's objection and permitted Abbott to testify that, in her opinion, Kayla Crum had been sexually abused.  Abbott further testified Kayla had indicated appellant penetrated her vagina with his fingers.  Kayla later testified at trial her father never sexually penetrated her with his fingers.  Abbott also testified she found no physical signs of sexual abuse when she examined Kayla.

2

Dr. Coleman also testified at trial.  He stated interviews which utilized anatomically correct dolls, as well as Kayla's own statements indicated to him Kayla had been sexually abused.  He testified Kayla stated her father had penetrated her mouth, anus, and vagina with his penis.  She further testified he had touched her "butt" with his tongue.

At the close of trial, the trial court instructed the jury, *inter alia,* that force was an element of the crime of rape and the crime of felonious sexual penetration.  The court further instructed the jury on the force specifications to each count.

After the jury received its instructions, Juror 22 was removed because he indicated he recognized a relative of Christine Confalone.  Juror 60 was seated in his place and given the instructions which were previously given to the rest of the jury.

On March 27, 1997, after considering the evidence and deliberating, the jury found appellant guilty on all counts.  The trial court sentenced appellant to consecutive life terms of imprisonment on the charges of rape and felonious sexual penetration, and a consecutive sentence of two years on the charge of gross sexual imposition.

*State v. Crum*, 1998 WL 818055, at *1-*2 (Ohio App. Oct. 26, 1998).

Crum timely filed a notice of appeal in the state appellate court.  He asserted eleven

assignments of error on appeal:

### ASSIGNMENT OF ERROR NO. I

APPELLANT WAS DEPRIVED OF A FAIR TRIAL AND DUE PROCESS OF LAW BY THE TRIAL COURT'S ADMISSION OF ACCUSATORY HEARSAY EVIDENCE AND/OR THE TRIAL COURT'S FAILURE TO CONDUCT AN ANALYSIS OF THE CHILD'S OUT OF COURT TESTIMONY DURING THE EVID. R. 601(A) COMPETENCY HEARING AND THE CHILD'S TRIAL TESTIMONY AS WELL AS THE TESTIMONY OF THE CHILD'S TREATING PSYCHOLOGIST, RAISE QUESTIONS CONCERNING THE CIRCUMSTANCES SURROUNDING THE MAKING OF THE ACCUSATORY HEARSAY EVIDENCE IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION. (CH AT 15; IT AT148-149;150;151; 3T. AT 38-43; 2T. AT 98-99).

### ASSIGNMENT OF ERROR NO. 2

MR. CRUM WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL BY THE TRIAL COURT'S ADMISSION INTO EVIDENCE OF EXPERT TESTIMONY THAT THE CHILD HAD BEEN SEXUALLY ABUSED WHERE EACH EXPERT'S OPINION WAS BASED EXCLUSIVELY IN VAGUE, SUBJECTIVE

3

PSYCHOLOGICAL PROFILES, SYMPTOMS, AND UNQUANTIFIABLE EVALUATION RESULTS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION. (2T. AT 32-87; 87-129; 5-9; 92-94).

### ASSIGNMENT OF ERROR NO. 3

MR. CRUM WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL BY THE TRIAL COURT'S INSTRUCTION TO THE JURY THAT FORCE WAS AN ELEMENT OF THE CRIME OF RAPE AND/OR THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY THAT THE CONDUCT ALLEGED TO HAVE CONSTITUTED THE CRIME OF RAPE COULD NOT BE USED TO SUPPORT A CONVICTION FOR FELONIOUS SEXUAL PENETRATION IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION. (3T. AT 61; 62).

### ASSIGNMENT OF ERROR NO. 4

AS THE EVIDENCE AT TRIAL RELIED UPON THE SAME CONDUCT TO SUPPORT THE OFFENSES OF RAPE, GROSS SEXUAL IMPOSITION, AND FELONIOUS SEXUAL PENETRATION AND THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THE SEPARATE AMICUS FOR EACH CHARGE, MR. CRUM SHOULD NOT BE CONVICTED AND SENTENCED FOR ALL SUCH OFFENSES PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION AND SECTION 2941.25 OF THE OHIO REVISED CODE.

### ASSIGNMENT OF ERROR NO. 5

THE APPELLANT WAS DENIED A FAIR TRIAL, DUE PROCESS OF LAW AND HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO RAISE THE ERRORS LISTED IN ASSIGNMENT OF ERRORS ONE THROUGH FOUR IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

### ASSIGNMENT OF ERROR NO. 6

MR. CRUM WAS DENIED HIS RIGHTS TO A FAIR TRIAL, DUE PROCESS OF LAW, AND CONFRONTATION OF WITNESSES BY THE TRIAL COURT'S UNDUE RESTRICTION ON CROSS EXAMINATION OF THE CHILD WITNESS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION. (1T. AT 171; 1760178; 192).

4

ASSIGNMENT OF ERROR NO. 7

THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

ASSIGNMENT OF ERROR NO. 8

THE CUMULATIVE EFFECT OF THE ERRORS AND/OR THE ACTS AND OMISSIONS OF COUNSEL DENIED APPELLANT EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCESS AND A FAIR TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR NO. 9

CONSTITUTIONAL ERRORS WHICH OCCURRED AT TRIAL HAVE RESULTED IN THE PROBABLE CONVICTION OF AN INNOCENT MAN.

ASSIGNMENT OF ERROR NO. 10

APPLICATION OF THE SO-CALLED SEX OFFENDER REGISTRATION ACT, R.C. 2950.01 THROUGH 2950.14, TO MR. CRUM'S CASE VIOLATES THE PROHIBITION AGAINST PASSAGE OF EX POST FACTO LAWS PROVIDED IN ARTICLE 1, SECTION 9 OF THE UNITED STATES CONSTITUTION.

ASSIGNMENT OF ERROR NO. 11

MR. CRUM WAS DENIED HIS RIGHTS TO A FAIR TRIAL, DUE PROCESS OF LAW, AND EFFECTIVE ASSISTANCE OF COUNSEL BY THE ADMISSION OF TESTIMONY THAT THE CHILD HAD DEMONSTRATED SEXUAL BEHAVIOR WITH SAC DOLLS WHERE NO EVIDENCE WAS PRESENTED TO ESTABLISH THAT THE USE OF SAC DOLLS IS ENDORSED BY MEMBERS OF THE SCIENTIFIC COMMUNITY, AND/OR THAT THE PROPER PROTOCOL FOR THE USE OF SAC DOLLS WAS FOLLOWED IN THIS CASE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLES I, SECTION 10 OF THE OHIO CONSTITUTION. (2T. AT 43-45).

On October 26, 1998, the state appellate court overruled Crum's assignments of error and affirmed the judgment of the trial court.

5

Crum filed a timely notice of appeal in the Ohio Supreme Court.  In his memorandum

in support of jurisdiction, Crum asserted two propositions of law:

> Proposition of Law No. I:  An expert may not offer opinion testimony that a specific child had been sexually abused in the absence of evidence which establishes the verifiability, accuracy, reliability and acceptability of the expert's techniques and methodology for arriving at the conclusion.

> Proposition of Law No. 2:  A trial court abuses its discretion by failing to examine the circumstances surrounding the making of an accusatory out-of-court statement by a four-year-old child prior to admitting the statement as one made for medical diagnosis or treatment pursuant to Evid. R. 803.

On March 3, 1999 the Ohio Supreme Court denied Crum leave to appeal and denied the

appeal as not involving any substantial constitutional question.

On February 19, 2004 Crum filed in the trial court a petition for post-conviction relief

pursuant to Ohio Rev. Code § 2953.21.  Crum's petition raised two grounds for relief:

### FIRST GROUND FOR RELIEF

The conviction and sentence against Petitioner Crum are void or voidable because the state failed to provide full and complete exculpatory discovery materials to Petitioner to which he was entitled at his trial.

### SECOND GROUND FOR RELIEF

The judgment and sentences against Petitioner are void or voidable because of ineffective assistance of counsel provided by trial counsel in Petitioner's case.

The trial court denied Crum's petition as untimely on December 16, 2004.  The court found

that Crum had filed the petition beyond the 180-day deadline for filing such petitions and

failed to meet the statutory criteria that would allow the court to consider an untimely

petition for post-conviction relief.  In reaching the latter conclusion, the court determined

that Crum's grounds for relief were without merit.

Crum filed in the state appellate court a timely notice of appeal of the trial court's

6

decision.  Crum's brief in support of his appeal raised three assignments of error:

ASSIGNMENT OF ERROR NUMBER ONE

THE TRIAL COURT ERRED IN DISMISSING APPELLANT CRUM'S PETITION WHEREIN HE SET FORTH THAT HE WAS UNABOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE THAT WAS THE BASIS FOR THE POST-CONVICTION PETITION.

ASSIGNMENT OF ERROR NUMBER TWO

THE TRIAL COURT ERRED IN DISMISSING APPELLANT CRUM'S PETITION WITHOUT FIRST HOLDING A HEARING TO DETERMINE WHETHER HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING NEW EVIDENCE.

ASSIGNMENT OF ERROR NUMBER THREE

APPELLANT CRUM WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

On December 27, 2005 the state appellate court overruled Crum's assignments of error and affirmed the judgment of the trial court.  The appellate court noted that the trial court rejected Crum's petition as untimely and that the trial court had no jurisdiction to hear an untimely petition unless the movant met the statutory requirements for hearing an untimely petition.  The appellate court agreed that Crum had failed to meet those requirements.  In making this determination, the appellate court concluded that Crum's assignments of error were without merit.

Crum filed a timely notice of appeal in the Ohio Supreme Court.  In his memorandum in support of jurisdiction, Crum asserted three propositions of law:

Proposition of Law I:

A Trial Court Errs When It Dismisses a Post Post-Conviction [sic] Petition Where The Defendant Has Supported His Petition With New Evidence That He Was Unavoidably Prevented From Discovering By the States [sic] Failure To Produce It At Trial.

Proposition of Law II:

Can A Trial Court Dismiss A Petition Without A Evidentiary [sic] Hearing When A Defendant Has Supported His Petition With New Evidence That He Was Unavoidably Prevented From Discovering By The State.

Proposition of Law III:

Is A Defendant Denied the Effective Assistance Of Counsel By Trial Counsels [sic] Failure to Call As A Witness An Individual Who Was Favorable To The Defense And Completely Contrary to the Victim.

(Capitalization in the original.)  On May 10, 2006 the Ohio Supreme Court declined jurisdiction to hear Crum's appeal and dismissed the appeal as not involving any substantial constitutional question.

Crum filed a petition for a federal writ of habeas corpus in this court on March 30, 2007.  Crum asserts three grounds for relief.  His first ground alleges that he was denied due process when the state failed to disclose the exculpatory statements of Christopher Mowry and Mark Mowry, statements which should have been disclosed in light of *Brady v. Maryland*, 373 U.S. 83 (1963).  Crum's second ground for relief contends that he was denied his Sixth Amendment right to effective assistance of trial counsel when counsel failed to call Christopher Mowry as a defense witness.  The third ground for relief argues that Crum was denied due process and a fair trial when an expert was permitted to testify that the alleged victim was sexually abused without providing a foundation as to the reliability of the relevant underlying principles, methodology, techniques, and analysis.

Respondent filed a Return of Writ on May 22, 2007.  Doc. No. 9.  Crum filed a Traverse on July 23, 2007.  Doc. No. 12.  Respondent filed a Sur-Reply on August 2, 2007.  Doc. No. 13.  Thus, the petition is ready for decision.  For the reasons described below, the magistrate judge recommends that (1) all of Crum's grounds for relief be dismissed as

8

barred by the statute of limitations or, in the alternative, that (2) Crum's first and second grounds for relief be dismissed as procedurally defaulted and (3) Crum's third ground for relief be dismissed as without merit.

II

*A. Jurisdiction*

Crum was sentenced by the Court of Common Pleas of Stark County, Ohio.  Crum filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d).  This court has jurisdiction over Crum's claims.

*B. Statute of Limitations*

Respondent argues that Crum's petition is barred by the statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

9

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Title 28 U.S.C. § 2244(d)(2) provides, "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

> 1.    *The statute of limitations and Crum's second and third ground for relief*

Respondent contends that grounds two and three, ineffective assistance of trial counsel for failing to call Christopher Mowry and a denial of due process by allowing an expert to testify without providing a proper foundation, were trial errors of which Crum was or should have been aware at the time of trial.  Respondent asserts that the statutory period for filing a petition for a writ of habeas corpus containing these grounds for relief began to run when Crum's judgment became final upon the conclusion of direct review by the Ohio Supreme Court on March 3, 1999  and after a 90-day period for seeking a writ of *certiorari* from the United States Supreme Court.  Respondent concludes, therefore, that the statutory period for filing a petition containing these grounds began to run on June 2, 1999 and ended on June 2, 2000.

Crum does not dispute the correctness of respondent's determination of the date on which the statutory period began to run as to grounds two and three.  Crum argues, however, that the running of the statutory period should be equitably tolled because he has made a credible showing of actual innocence.  Respondent disputes that Crum has made such a showing of innocence.

10

"Because AEDPA's one-year statute of limitations is not jurisdictional, a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004). However, "equitable tolling relief should only be granted sparingly." *Cook v. Stegall,* 295 F.3d 517, 521 (6th Cir. 2002). Courts may apply equitable tolling to the running of a statute of limitations under some circumstances:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup [v. Delo,* 513 U.S. 298,] 316, 115 S.Ct. 851[, 130 L.Ed.2d 808 (1995)]. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005) (footnote omitted). Innocence by itself, however, is not a ground for habeas relief; a claim of innocence merely allows a federal court to review the merits of an otherwise defaulted claim. *Herrera v. Collins*, 506 U.S. 390 (1993).

Crum asserts that had new evidence been available to him at the time of trial no reasonable juror would have found him guilty beyond a reasonable doubt. The testimony of the alleged victim at trial asserted that at different times Christopher Mowry and Mark

11

Mowry saw the victim engaging in sexual conduct with Crum.  When the police interviewed the Mowrys, however, neither remembered seeing Crum engaging in sexual conduct with the victim.  Crum contends that the police withheld the results of these interviews from him. Crum obtained the results of the police interviews pursuant to a freedom of information request in August 2003.  He further contends that had he known of this exculpatory evidence at trial, he could have used the Mowrys' testimony to impeach the testimony of the alleged victim, and he would not have been convicted.

There are several problems with this argument.  First, the record shows that the police told Crum before trial that Christopher Mowry and Mark Mowry could provide exculpatory evidence to the defense.  Judgment Entry Denying Defendant's Motion for Post-Conviction Relief ("Judgment Entry"), Doc. 9, Exh. 18 at 4.[1]  Second, Mark Mowry *did* testify at the trial and denied seeing Crum and the alleged victim engaging in sexual conduct.  Transcript of Proceedings ("Tr."), Doc. 9, Exh 26 at 168-69.  Third, even if Christopher Mowry had testified at trial that he had not seen Crum and the alleged victim engaging in sexual conduct, his testimony would have been merely cumulative of the testimony of Mark Mowry.  Perhaps Christopher Mowry's testimony might have made Crum's defense more convincing to the jury.  But it is simply impossible to conclude under these circumstances that had Christopher Mowry testified no reasonable juror would have found Crum guilty beyond a reasonable doubt.  Crum has failed to make the requisite

---

[1]  Crum cites no Supreme Court holding that *Brady* requires a prosecutor to give a defendant the notes of a police investigation rather than merely telling a defendant of a source of exculpatory information discovered through that investigation.  Thus, even if Crum's claims were not defaulted, he would not be successful in demonstrating a *Brady* violation.

showing of actual innocence to allow equitable tolling of the statutory period.

The statute of limitations expired on Crum's second and third grounds for relief on June 2, 2000.  Crum did not file his petition for habeas relief until March 30, 2007.  He fails to make the necessary showing of actual innocence necessary for the court to equitably toll the running of the statutory period.  For these reasons, Crum's second and third grounds for relief should be dismissed as barred by the statute of limitations.

> 2.    *The statute of limitations and Crum's first ground for relief*

Respondent argues that Crum's first ground for relief, that the state failed to provide him with the statements of Mark and Christopher Mowry, is also barred by the statute of limitations.  Even if the court assumes that Crum could not have known of the Mowrys' statements until August 2003,[2] then the statutory period began to run, at the latest, on September 1, 2003 pursuant to 28 U.S.C. § 2244(d)(1)(B) or (D).  The statutory period would have run until it expired no later than September 2, 2004.

Crum's filing of a petition for post-conviction relief did not toll the running of the statutory period.  An untimely petition for post-conviction relief, such as Crum's, is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and does not toll the running of the statutory period.  *See Artuz v. Bennett*, 531 U.S. 4, 9-10 (2000).[3]

---

[2]    As has already been shown, Crum knew before his trial that the Mowrys possessed exculpatory information.  The statutory period should have begun to run on his first claim for relief, therefore, 90 days after Crum's judgment became final upon the conclusion of direct review by the Ohio Supreme Court.  Thus, just as for Crum's second and third ground for relief, the statutory period for filing a petition containing the first ground for relief should have begun to run on June 2, 1999 and have ended on June 2, 2000.

[3]  Had the trial court found Crum's reasons for his untimely filing to be satisfactory, then the petition would have been properly filed, as it would have met the alternative criteria for allowing the court to review an untimely filing.  But the court found unconvincing Crum's

At the latest, the statute of limitations began to run on Crum's first ground for relief on September 1, 2003 and expired on September 2, 2004.  Crum did not file his petition for habeas relief until March 30, 2007.  His petition is untimely, therefore, pursuant to 28 U.S.C. § 2244(d)(1).  Accordingly, Crum's first ground for relief should be dismissed as barred by the statute of limitations.

Although all of Crum's claims are barred by the statute of limitations, the magistrate judge will examine whether any of those claims is procedurally defaulted and examine the merits of any claim which is not defaulted.

C.    *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings.  28 U.S.C. § 2254(e)(2).  There is no need for an evidentiary hearing in the instant case.  All Crum's claims involve legal issues which can be independently resolved without additional factual inquiry.

D.    *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir. 1991).  If any state procedures for relief remain available, the petitioner has not exhausted state remedies.  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

---

argument that he could not earlier have discovered the Mowrys' exculpatory testimony.  It therefore dismissed Crum's petition.  *See* Judgment Entry at 3-8.

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies.  *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989).  Federal courts lack jurisdiction to consider any claim that was not fairly presented to the state courts.  *Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168, 1174 (6th Cir. 1986).  The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all of the petitioner's claims.  *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

Fair presentment of a claim in a federal constitutional context requires a petitioner to apprise the state courts that a claim is a federal claim, "not merely as an issue arising under state law."  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A petitioner need not cite "book and verse on the federal constitution,"  *Picard*, 404 U.S. at 278, to apprise state courts that his claim is based on federal law:

> In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law.

*Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004); *see also Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) (quoting *Daye v. Attorney Gen.*, 696 F.2d 186, 193-94 (2d Cir. 1982)).

15

Because Crum has no remaining state remedies available, his claims have been exhausted.

E.    Procedural default

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . .  not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure."  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If the state argues that a petitioner has procedurally defaulted, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an  "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  A default also will be excused if petitioner demonstrates that not excusing the default "will result in a fundamental

16

miscarriage of justice." *Coleman*, 501 U.S. at 750.

Respondent contends that Crum has procedurally defaulted his first and second grounds for relief. Crum denies that he has defaulted these claims.

Crum's first and second grounds for relief contend that the state's withholding of the exculpatory statements of the Mowrys denied him due process and that trial counsel's failure to call Christopher Mowry as a witness constituted ineffective assistance of counsel. Crum first raised these claims in his petition for post-conviction relief in the trial court. The trial court found this application to be untimely and found that Crum failed to satisfy the statutory criteria that would permit it to have jurisdiction over Crum's claims. In reaching the latter conclusion, the court determined that Crum's grounds for relief were without merit.

Crum appealed this decision to the state appellate court. In denying his appeal, the appellate court wrote as follows:

> {¶ 12} Appellant does not dispute the fact that his Petition for Postconviction Relief was untimely. A court has no jurisdiction to hear an untimely petition for postconviction relief unless the movant meets the requirements in R.C. 2953.23(A). *State v. Warren* (Dec. 14, 2000), Cuyahoga App. No. 76612; *State v. Valentine* (Dec. 7, 2000), Cuyahoga App. No. 77882; *State v. Wheat* (Oct. 26, 2000), Cuyahoga App. No. 77292; *State v. Gaddis* (Oct. 12, 2000), Cuyahoga App. No. 77058. Revised Code 2953.23(A) provides as follows, in pertinent part:

> {¶ 13} "Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless ...:

> {¶ 14} "Both of the following apply:

> {¶ 15} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that

right.

{¶ 16} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A)(1).

{¶ 17} In this case, appellant contends that he demonstrated that he was unavoidably prevented from discovering the new evidence upon which his Petition was based. . . . However, we find that appellant was not unavoidably prevented from discovering the statements.

*State v. Crum*, 2005 WL 3610313 (Ohio App. Dec. 27, 2005).  In the course of determining that Crum had failed to satisfy the statutory requirements which would have allowed the trial court to examine the merits of his petition, the appellate court concluded that Crum's assignments of error were without merit.

Crum sought the jurisdiction of the Ohio Supreme Court to appeal the appellate court's decision.  The Ohio Supreme Court dismissed his appeal without issuing a decision. "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."  *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991).  Thus, this court must assume that the Ohio Supreme Court dismissed Crum's claims for the same reason that the state appellate court rejected them:  because they were filed untimely in the trial court without adequate justification to excuse their untimeliness.  Thus, Crum's first and second grounds for relief were procedurally defaulted in state court.

Crum denies that the state appellate court denied his appeal on procedural grounds. He errs.  As can be seen above, the appellate court was clear in noting the untimeliness of his petition in the trial court and in affirming the judgment of the trial court that Crum had

18

failed to satisfy the statutory criteria that would have allowed the trial court to examine the merits of his claims.

Crum also argues that claims in Ohio post-conviction petitions necessarily depend on factual allegations which cannot be determined upon the record and that the Sixth Circuit, in *Hartman v. Bagley*, 492 F.3d 347 (2007), has held that any post-conviction petition presenting evidence outside the record is not procedurally barred.  Both assertions are erroneous.  Ohio post-conviction petitions are given a hearing "*[u]nless* the petition and files and records of the case show the petitioner is not entitled to relief . . . ."  Ohio Rev. Code. § 2953(E).  *Hartman* stands only for the proposition that, in Ohio, claims first presented in a petition for post-conviction relief are not procedurally barred by *res judicata* if they present evidence outside the record which could not have been discovered earlier by the exercise of due diligence.  *Id.* at 357.  This has no bearing on Crum's case.  His petition for post-conviction relief was not dismissed as *res judicata*.  It was dismissed as untimely.  Crum's arguments that he did not procedurally default his first and second grounds for relief in state court, therefore, are without merit.

Crum also argues that even if he did violate the state procedural rule requiring him to file a petition for post-conviction relief within 180 days of his conviction, the state of Ohio does not regularly follow this rule.  He concludes, therefore, that the rule is not an adequate and independent ground upon which Ohio may rely to foreclose federal habeas review.  Crum supports this claim by citing twelve cases in which Ohio courts considered claims that for one reason or another had been procedurally barred.[4]  None of the cited cases involved

---

[4]  These case are *State v. Buell*, 22 Ohio St. 3d 124, 489 N.E.2d 795 (1986); *State v. Rogers*, 32 Ohio St. 3d 70, 512 N.E.2d 581 (1987); *State v. Post*, 32 Ohio St. 3d 380,

a petition for post-conviction relief and are, therefore, irrelevant to determining whether Ohio regularly follows its rules barring untimely petitions for post-conviction relief that fail to justify their untimeliness adequately . Moreover, all of the cases cited were cases in which the defendant was given the death penalty. That a state is willing to overlook procedural defaults and consider the merits of claims when a defendant has been sentenced to death sets no precedent regarding the regularity with which the state follows its procedural rules in cases not involving death.

Finally, Crum argues that he had cause for his procedural default and was prejudiced by the dismissal of his claims. Crum asserts as cause for the default ineffective assistance of trial counsel. However, although ineffective assistance of counsel may serve as cause for a procedural default, that claim first must be presented fairly to the state courts. If the claim of ineffective assistance of counsel is itself procedurally defaulted, it may not serve as cause for a petitioner's default of another claim. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

In the instant case, Crum presented his claim of ineffective assistance of trial counsel in the same petition for post-conviction relief in which he presented his *Brady* claim and which was dismissed by the state courts as untimely. Thus, Crum's claim of ineffective assistance of counsel is defaulted and may not be used as cause for the default of his first

---

513 N.E.2d 754 (1987); *State v. Hamblin*, 37 Ohio St. 3d 153, 524 N.E.2d 476 (1988); *State v. Holloway*, 38 Ohio St. 3d 239, 527 N.E.2d 831 (1988); *State v. DePew*, 38 Ohio St. 3d 275, 528 N.E.2d 542 (1988); *State v. Williams*, 38 Ohio St. 3d 346, 528 N.E.2d 910 (1988); *State v. Esparza*, 39 Ohio St. 3d 8, 529 N.E.2d 192 (1988); *State v. Broom*, 40 Ohio St. 3d 277, 533 N.E.2d 682 (1988); *State v. Benner*, 40 Ohio St. 3d 301, 533 N.E.2d 701 (1988); *State v. Lawrence*, 44 Ohio St. 3d 24, 541 N.E.2d 451 (1989); and *State v. Coleman*, 45 Ohio St. 3d 298, 544 N.E.2d 622 (1989).

ground for relief.

Crum has procedurally defaulted his first and second grounds for relief. The state courts cited and applied a regularly-followed state procedural rule in dismissing his claim. Crum fails to show cause and prejudice for the default.[5] For these reasons, Crum's first two grounds for relief should be dismissed as procedurally defaulted.

III

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus. As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under the current deferential standard of review, a writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000); *Miller v. Francis*, 269 F.3d 609, 613-14 (6th Cir. 2001). Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction. *Harris v. Stovall*, 212 F.3d 940, 943-44 (6th Cir. 2000).

_____

[5] Crum does not again raise his claim of actual innocence to bypass his procedural default. Had he done so, however, it would not have excused the default. As described earlier, Crum fails to make a sufficient showing of innocence to excuse his defaults.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams*, 529 U.S. at 405 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result.  *Id.*  "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases."  *Id.*  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.  *Doan v. Brigano*, 237 F.3d 722, 729-31 (2001).  If a court fails to identify the correct legal principal at issue, the "unreasonable application of" clause does not apply.  *Id.* at 730.

 "[A] determination of a factual issue made by a State court shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  The petitioner, however, may rebut "the presumption of correctness by clear and convincing evidence."  *Id.*  This court will consider Crum's remaining claim under the deferential standard of review accorded the state court's determination of a prisoner's constitutional claims.

Crum contends in his third ground for relief that he was denied due process and a

22

fair trial when an expert, Dr. David Coleman, was permitted to testify that the alleged victim was sexually abused without providing a foundation as to the reliability of the underlying principles, methodology, techniques, and analysis.  Respondent denies that Crum was denied due process.

The right to a fair trial is a right implicit in the due process clauses of the Fifth and Fourteenth Amendments.  *See United States v. Agurs*, 427 U.S. 97, 107 (1976).  The analysis of alleged violations of the right is identical under either amendment.  *Id.*  "A fair trial in a fair tribunal is a basic requirement of due process."  *In re Murchison*, 349 U.S. 133, 136 (1955).  "[A] fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding."  *Strickland v. Washington*, 466 U.S. 668, 684 (1984).  "Every procedure which would offer a possible temptation to the average man as a judge . . . not to hold the balance nice, clear, and true between the State and the accused denies the latter due process of law."  *Murchison*, 349 U.S. at 136 (quoting *Tumey v. State of Ohio*, 273 U.S. 510, 532 (1927)).

The state appellate court reviewing the state claim corresponding to this ground for relief made the following relevant findings of fact and law:

Evidence Rules 702 and 703 provide for the admission of expert testimony.

Evid. R. 703 provides in pertinent part:
A witness may testify as an expert if all of the following apply:
(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
(C) The witness' testimony is based on reliable scientific, technical, or other specialized information.  To the extent that the testimony reports the result of a

procedure, test, or experiment, the testimony is reliable only if all of the following apply:

(1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;

(2) The design of the procedure, test, or experiment reliably implements the theory;

(3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result.

Evidence Rule 703 further defines the sources from which an expert witness may draw to formulate their opinion. Evid. R. 703 states, in pertinent part:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by him or admitted in evidence at the hearing.

We have previously considered the admissibility of the opinion of a treating psychologist in cases of alleged child sexual abuse in *Kelly, supra.*In *Kelly,* we held the opinion of a treating psychologist that a child has been sexually abused is admissible.  Upon revisiting our decision in *Kelly,* we find its reasoning remains persuasive.  The observations and interactions which typically form the basis for the psychologist's opinion a child has been abused fall well within the parameters set by Evid. R. 703.

In the instant case, Dr. Coleman offered testimony which was derived from his therapy sessions with Kayla Crum.  These opinions were based upon Coleman's specialized experience in the field of child sexual abuse and his extensive interaction with Kayla. 2T at 34-38.   While necessarily subjective, and unquantifiable,   Coleman's opinions were well grounded in experience and observation. No human observation escapes subjectivity, and many are necessarily difficult to quantify effectively.  The jury had the opportunity to evaluate the witness, whom the court had already recognized as an expert.

Furthermore, contrary to appellant's assertion, Dr. Coleman did not merely testify to the veracity of Kayla Crum.  Rather, Coleman offered an opinion concerning whether Kayla had been sexually abused based upon his educated observations. 2Tr. at 50-60.  An expert may not testify to the veracity of statements made by a child witness. *Boston, supra* at 108, 545 N.E.2d 1220.  However, a psychologist or psychiatrist who has been qualified as an expert may testify based on his observations a child's actions and statements are consistent with sexual abuse. *Kelly, supra.*  As Dr. Coleman's testimony was based on such observations, we find its admission into evidence by the trial court to have been proper.

*State v. Crum*, 1998 WL 818055 (Ohio App. Oct. 26, 1998).

Crum offers no evidence that the Ohio Supreme Court's findings of fact were

erroneous and offers no argument that it erred in reaching its conclusions of law.  Crum

also fails cite any holding of the United States Supreme Court which would demonstrate that Ohio's evidentiary rules regarding the scope and admissibility of expert opinion violate the laws or constitution of the United States by failing to provide a fair trial. Thus, Crum has completely failed to carry his burden of proof with regard to his third ground for relief. For this reason, the magistrate judge recommends that Crum's third ground for relief be overruled.

III

For the reasons given above the magistrate judge recommends that Crum's petition for a writ of habeas corpus be denied.


/s/ Nancy A. Vecchiarelli
U.S. MAGISTRATE JUDGE


Date: April 1, 2008

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v.Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

25