IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE CRUM, | ) | CASE NO. 5:07 CV 949 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| DAVID BOBBY, Warden, | ) | Magistrate Judge Nancy A. Vecchiarelli |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli. The Report and Recommendation (Document #14) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on March 30, 2007 (Document #1) is DISMISSED.

**Factual and Procedural History**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

> The October 1996 term of the Stark County grand jury indicted Crum on one count of rape with a force specification, one count of felonious sexual penetration with a force specification, and gross sexual imposition. Crum pleaded not guilty to all counts. The state appellate court reviewing Crum's conviction found the following relevant facts:
>
>> Kayla Crum was born to Christine (McNutt) Confalone and Appellant in 1991. Christine noticed her daughter engaging in sexually inappropriate behavior in 1993 while living with appellant in Florida. When appellant

and Christine moved to Ohio in 1994, Linda McNutt, Kayla's grandmother, also noticed Kayla engaging in sexual behavior. During this time period, Christine and appellant separated, but appellant visited his daughter several times a week. Kayla cried when she had to visit her father.

Christine and Kayla moved in with Christine's boyfriend, John Confalone in 1995. Kayla attempted to kiss John Confalone with her head tilted and mouth open. When asked where she had learned this behavior, Kayla indicated her father had done it to her. Christine and Confalone questioned Kayla about her father's behavior, and Kayla indicated appellant had "peed" in her mouth on several occasions. Kayla also told them appellant had put his penis in her vagina and anus.

Christine and John Confalone notified the Stark County Department of Human Services. Kayla was examined by nurse Donna Abbott at Akron Children's Hospital. Kayla was also interviewed by the Canton Police Department and psychologist David Coleman. Kayla met with Coleman five times over a period of several months. Kayla told all of the persons who interviewed her appellant had inserted his penis into her mouth, vagina, and anus.

On October 28, 1996, the Stark County Grand Jury indicted appellant on one count of rape, one count of felonious sexual penetration, and one count of gross sexual imposition. The indictment alleged a continuing course of conduct from on or about September 1, 1994 to on or about January 31, 1996 for each count.

Appellant pled not guilty to each charge in the Stark County Court of Common Pleas on November 8, 1996. On February 20, 1997, the State filed a notice of intent to use child statements pursuant to Evid. R. 807. On March, 11, 1997, appellant filed a motion for competency and availability of the child witness. The court conducted an Evid. R. 601(A) competency hearing on March 19, 1997. At the conclusion of the hearing the court found Kayla competent to testify. Having found the child to be available and competent, the trial court did not conduct an Evid. R. 807 hearing. Appellant was not permitted to attend the hearing.

On March 24, 1997, the State amended the indictment relative to count one. A jury trial commenced on March 24, 1997. Before the inception of the trial, defense counsel moved that Donna Abbott be barred from offering a "diagnosis or impression" on the grounds that she was not qualified to offer such opinions. The court deferred ruling on the motion. During Abbott's testimony, defense counsel renewed this objection. The trial court overruled defense counsel's objection and permitted Abbott to

-2-

testify that, in her opinion, Kayla Crum had been sexually abused. Abbott further testified Kayla had indicated appellant penetrated her vagina with his fingers. Kayla later testified at trial her father never sexually penetrated her with his fingers. Abbott also testified she found no physical signs of sexual abuse when she examined Kayla.

Dr. Coleman also testified at trial. He stated interviews which utilized anatomically correct dolls, as well as Kayla's own statements indicated to him Kayla had been sexually abused. He testified Kayla stated her father had penetrated her mouth, anus, and vagina with his penis. She further testified he had touched her "butt" with his tongue.

At the close of trial, the trial court instructed the jury, *inter alia,* that force was an element of the crime of rape and the crime of felonious sexual penetration. The court further instructed the jury on the force specifications to each count.

After the jury received its instructions, Juror 22 was removed because he indicated he recognized a relative of Christine Confalone. Juror 60 was seated in his place and given the instructions which were previously given to the rest of the jury.

On March 27, 1997, after considering the evidence and deliberating, the jury found appellant guilty on all counts. The trial court sentenced appellant to consecutive life terms of imprisonment on the charges of rape and felonious sexual penetration, and a consecutive sentence of two years on the charge of gross sexual imposition.

*State v. Crum*, 1998 WL 818055, at *1-*2 (Ohio App. Oct. 26, 1998).

Crum timely filed a notice of appeal in the state appellate court. He asserted eleven assignments of error on appeal:

### ASSIGNMENT OF ERROR NO. I

APPELLANT WAS DEPRIVED OF A FAIR TRIAL AND DUE PROCESS OF LAW BY THE TRIAL COURT'S ADMISSION OF ACCUSATORY HEARSAY EVIDENCE AND/OR THE TRIAL COURT'S FAILURE TO CONDUCT AN ANALYSIS OF THE CHILD'S OUT OF COURT TESTIMONY DURING THE EVID. R. 601(A) COMPETENCY HEARING AND THE CHILD'S TRIAL TESTIMONY AS WELL AS THE TESTIMONY OF THE CHILD'S TREATING PSYCHOLOGIST, RAISE QUESTIONS CONCERNING THE CIRCUMSTANCES SURROUNDING THE MAKING OF THE ACCUSATORY HEARSAY EVIDENCE IN VIOLATION OF THE

FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION. (CH AT 15; IT AT148-149;150;151; 3T. AT 38-43; 2T. AT 98-99).

### ASSIGNMENT OF ERROR NO. 2

MR. CRUM WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL BY THE TRIAL COURT'S ADMISSION INTO EVIDENCE OF EXPERT TESTIMONY THAT THE CHILD HAD BEEN SEXUALLY ABUSED WHERE EACH EXPERT'S OPINION WAS BASED EXCLUSIVELY IN VAGUE, SUBJECTIVE PSYCHOLOGICAL PROFILES, SYMPTOMS, AND UNQUANTIFIABLE EVALUATION RESULTS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION. (2T. AT 32-87; 87-129; 5-9; 92-94).

### ASSIGNMENT OF ERROR NO. 3

MR. CRUM WAS DENIED HIS RIGHTS TO DUE PROCESS OF LAW AND A FAIR TRIAL BY THE TRIAL COURT'S INSTRUCTION TO THE JURY THAT FORCE WAS AN ELEMENT OF THE CRIME OF RAPE AND/OR THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY THAT THE CONDUCT ALLEGED TO HAVE CONSTITUTED THE CRIME OF RAPE COULD NOT BE USED TO SUPPORT A CONVICTION FOR FELONIOUS SEXUAL PENETRATION IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION. (3T. AT 61; 62).

### ASSIGNMENT OF ERROR NO. 4

AS THE EVIDENCE AT TRIAL RELIED UPON THE SAME CONDUCT TO SUPPORT THE OFFENSES OF RAPE, GROSS SEXUAL IMPOSITION, AND FELONIOUS SEXUAL PENETRATION AND THE STATE FAILED TO PROVE BEYOND A REASONABLE DOUBT THE SEPARATE AMICUS FOR EACH CHARGE, MR. CRUM SHOULD NOT BE CONVICTED AND SENTENCED FOR ALL SUCH OFFENSES PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION; ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION AND SECTION 2941.25 OF THE OHIO REVISED CODE.

### ASSIGNMENT OF ERROR NO. 5

THE APPELLANT WAS DENIED A FAIR TRIAL, DUE PROCESS OF LAW AND HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO RAISE THE ERRORS LISTED IN ASSIGNMENT OF ERRORS ONE THROUGH FOUR IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR NO. 6

MR. CRUM WAS DENIED HIS RIGHTS TO A FAIR TRIAL, DUE PROCESS OF LAW, AND CONFRONTATION OF WITNESSES BY THE TRIAL COURT'S UNDUE RESTRICTION ON CROSS EXAMINATION OF THE CHILD WITNESS IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION. (1T. AT 171; 1760178; 192).

ASSIGNMENT OF ERROR NO. 7

THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND SUFFICIENCY OF THE EVIDENCE THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

ASSIGNMENT OF ERROR NO. 8

THE CUMULATIVE EFFECT OF THE ERRORS AND/OR THE ACTS AND OMISSIONS OF COUNSEL DENIED APPELLANT EFFECTIVE ASSISTANCE OF COUNSEL, DUE PROCESS AND A FAIR TRIAL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR NO. 9

CONSTITUTIONAL ERRORS WHICH OCCURRED AT TRIAL HAVE RESULTED IN THE PROBABLE CONVICTION OF AN INNOCENT MAN.

ASSIGNMENT OF ERROR NO. 10

> APPLICATION OF THE SO-CALLED SEX OFFENDER REGISTRATION ACT, R.C. 2950.01 THROUGH 2950.14, TO MR. CRUM'S CASE VIOLATES THE PROHIBITION AGAINST PASSAGE OF EX POST FACTO LAWS PROVIDED IN ARTICLE 1, SECTION 9 OF THE UNITED STATES CONSTITUTION.
>
> ASSIGNMENT OF ERROR NO. 11
>
> MR. CRUM WAS DENIED HIS RIGHTS TO A FAIR TRIAL, DUE PROCESS OF LAW, AND EFFECTIVE ASSISTANCE OF COUNSEL BY THE ADMISSION OF TESTIMONY THAT THE CHILD HAD DEMONSTRATED SEXUAL BEHAVIOR WITH SAC DOLLS WHERE NO EVIDENCE WAS PRESENTED TO ESTABLISH THAT THE USE OF SAC DOLLS IS ENDORSED BY MEMBERS OF THE SCIENTIFIC COMMUNITY, AND/OR THAT THE PROPER PROTOCOL FOR THE USE OF SAC DOLLS WAS FOLLOWED IN THIS CASE, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLES I, SECTION 10 OF THE OHIO CONSTITUTION.  (2T. AT 43-45).

On October 26, 1998, the state appellate court overruled Crum's assignments of error and affirmed the judgment of the trial court.

Crum filed a timely notice of appeal in the Ohio Supreme Court. In his memorandum in support of jurisdiction, Crum asserted two propositions of law:

> Proposition of Law No. I: An expert may not offer opinion testimony that a specific child had been sexually abused in the absence of evidence which establishes the verifiability, accuracy, reliability and acceptability of the expert's techniques and methodology for arriving at the conclusion.
>
> Proposition of Law No. 2: A trial court abuses its discretion by failing to examine the circumstances surrounding the making of an accusatory out-of-court statement by a four-year-old child prior to admitting the statement as one made for medical diagnosis or treatment pursuant to Evid. R. 803.

On March 3, 1999 the Ohio Supreme Court denied Crum leave to appeal and denied the appeal as not involving any substantial constitutional question.

On February 19, 2004 Crum filed in the trial court a petition for post-conviction relief
pursuant to Ohio Rev. Code § 2953.21. Crum's petition raised two grounds for relief:

### FIRST GROUND FOR RELIEF

The conviction and sentence against Petitioner Crum are void or voidable because the state failed to provide full and complete exculpatory discovery materials to Petitioner to which he was entitled at his trial.

### SECOND GROUND FOR RELIEF

The judgment and sentences against Petitioner are void or voidable because of ineffective assistance of counsel provided by trial counsel in Petitioner's case.

The trial court denied Crum's petition as untimely on December 16, 2004. The court found that Crum had filed the petition beyond the 180-day deadline for filing such petitions and failed to meet the statutory criteria that would allow the court to consider an untimely petition for post-conviction relief. In reaching the latter conclusion, the court determined that Crum's grounds for relief were without merit.

Crum filed in the state appellate court a timely notice of appeal of the trial court's decision. Crum's brief in support of his appeal raised three assignments of error:

ASSIGNMENT OF ERROR NUMBER ONE

THE TRIAL COURT ERRED IN DISMISSING APPELLANT CRUM'S PETITION WHEREIN HE SET FORTH THAT HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING THE NEW EVIDENCE THAT WAS THE BASIS FOR THE POSTCONVICTION PETITION.

ASSIGNMENT OF ERROR NUMBER TWO

THE TRIAL COURT ERRED IN DISMISSING APPELLANT CRUM'S PETITION WITHOUT FIRST HOLDING A HEARING TO DETERMINE WHETHER HE WAS UNAVOIDABLY PREVENTED FROM DISCOVERING NEW EVIDENCE.

ASSIGNMENT OF ERROR NUMBER THREE

APPELLANT CRUM WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

On December 27, 2005 the state appellate court overruled Crum's assignments of

error and affirmed the judgment of the trial court. The appellate court noted that the trial court rejected Crum's petition as untimely and that the trial court had no jurisdiction to hear an untimely petition unless the movant met the statutory requirements for hearing an untimely petition. The appellate court agreed that Crum had failed to meet those requirements. In making this determination, the appellate court concluded that Crum's assignments of error were without merit.

Crum filed a timely notice of appeal in the Ohio Supreme Court. In his memorandum in support of jurisdiction, Crum asserted three propositions of law:

Proposition of Law I:

A Trial Court Errs When It Dismisses a Post Post-Conviction [sic] Petition Where The Defendant Has Supported His Petition With New Evidence That He Was Unavoidably Prevented From Discovering By the States [sic] Failure To Produce It At Trial.

Proposition of Law II:

Can A Trial Court Dismiss A Petition Without A Evidentiary [sic] Hearing When A Defendant Has Supported His Petition With New Evidence That He Was Unavoidably Prevented From Discovering By The State.

Proposition of Law III:

Is A Defendant Denied the Effective Assistance Of Counsel By Trial Counsels [sic] Failure to Call As A Witness An Individual Who Was Favorable To The Defense And Completely Contrary to the Victim.

(Capitalization in the original.) On May 10, 2006 the Ohio Supreme Court declined jurisdiction to hear Crum's appeal and dismissed the appeal as not involving any substantial constitutional question.

Crum filed a petition for a federal writ of habeas corpus in this court on March 30, 2007. Crum asserts three grounds for relief. His first ground alleges that he was denied due process when the state failed to disclose the exculpatory statements of Christopher Mowry and Mark Mowry, statements which should have been disclosed in light of *Brady v. Maryland*, 373 U.S. 83 (1963). Crum's second ground for relief contends that he was denied his Sixth Amendment right to effective assistance of trial counsel when counsel failed to call Christopher Mowry as a defense witness. The third ground for relief argues that Crum was denied due process and a fair trial when an expert was permitted to testify that the alleged victim was sexually abused without providing a foundation as to the

> reliability of the relevant underlying principles, methodology, techniques, and analysis.
>
> Respondent filed a Return of Writ on May 22, 2007. Doc. No. 9. Crum filed a Traverse on July 23, 2007. Doc. No. 12. Respondent filed a Sur-Reply on August 2, 2007. Doc. No. 13.

On April 1, 2008, the Magistrate Judge issued a Report and Recommendation, recommending that (1) all of Crum's grounds for relief be dismissed as barred by the statute of limitations or, in the alternative, that (2) Crum's first and second grounds for relief be dismissed as procedurally defaulted and (3) Crum's third ground for relief be dismissed as without merit. Petitioner filed his Objections to the Report and Recommendation on April 25, 2008.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The Court has reviewed the Report and Recommendation *de novo*, as well as the briefs and supporting material submitted by the Parties, and the objections to the Report and Recommendation raised by Petitioner, and finds the Report and Recommendation to be well-reasoned and correct. The Court agrees with, and adopts, the findings and conclusions of

Magistrate Judge Vecchiarelli as its own.  The Magistrate Judge thoroughly, exhaustively and comprehensively analyzed all of the issues raised by Petitioner and correctly determined that the Petition should be dismissed.  Petitioner's three grounds for relief are barred by the statute of limitations.  Furthermore, Petitioner procedurally defaulted his first and second grounds for relief and has failed to support his third ground for relief.  Accordingly, the Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Vecchiarelli (Document #14) in its entirety; Petitioner's Petition for Habeas Corpus is DISMISSED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

        s/Donald C. Nugent  
        DONALD C. NUGENT  
        United States District Judge

DATED: May 12, 1008